

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

EAG:AL
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 25, 2011

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>     Re:  United States v. Ali Juseinoski
>          Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for December 16, 2011.  For the reasons set forth below, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 18 to 24 months.

I.   Background

      On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses, including racketeering conspiracy, based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively).  (Docket Entry No. 1.)

      In the indictment, the defendant was alleged to be an associate within the Colombo family, and he was charged in Count One with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), including marijuana distribution conspiracy (Racketeering Act ("RA") 29) and extortionate collection of credit (RA 35).  (Id. ¶¶ 16-18, 79, 92.)  In addition, the defendant was charged in separate counts with the same marijuana distribution conspiracy (Count 33) and extortionate collection of credit (Count 43).  (Id. ¶¶ 223, 235.)

On July 13, 2011, the defendant pled guilty, pursuant to a plea agreement, to Count One and allocuted to Racketeering Acts 29 and 35. (Docket Entry No. 455; Presentence Investigation Report ("PSR") ¶¶ 1-3.)

II. Discussion

The government respectfully submits that, in this case, a sentence within the advisory Guidelines range is appropriate in light of all relevant factors, including the nature and characteristics of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence and to protect the public.

   A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

### B. The Guidelines Range Is 18 to 24 Months

The advisory Guidelines range of imprisonment should be determined as follows:

Count One (RICO Conspiracy)

Racketeering Act Twenty-nine
(Marijuana Distribution Conspiracy)

| | |
|---|---|
| Base Offense Level (§§ 2D1.1(a)(5) & (c)(12)) | 16 |
| Total: | 16 |

Racketeering Act Thirty-five
(Extortionate Collection of Credit)

| | |
|---|---|
| Base Offense Level (§ 2E2.1(a)) | 20 |
| Total: | 20 |

Multiple Racketeering Act Analysis (§ 3D1.4)

| | |
|---|---|
| Highest Adjusted Offense Level | 20 |
| Units: | |
|     Racketeering Act Twenty-nine (§ 3D1.4(a)) | 1 |
|     Racketeering Act Thirty-five (§ 3D1.4(a)) | 1 |
| Total Units: | 2 |
| Levels Added: | 2 |

Adjusted Offense Level

| | |
|---|---|
| Adjusted Offense Level | 22 |
| Less: Minor role (§ 3B1.2(b)) | -2 |
| Less: Acceptance of responsibility (§ 3E1.1(a)) | -3 |
| Less: Global disposition (§ 5K2.0) | -2 |
| Total: | 15 |

The defendant has no prior convictions, and is in Criminal History Category I. (PSR ¶¶ 51-52.) Therefore, the advisory Guidelines range of imprisonment is 18 to 24 months. This is consistent with the estimate set forth by the government in the plea agreement.

The Probation Department agrees that the defendant is in Criminal History Category I, but it has determined that the total offense level is 19 and the advisory Guidelines range is 30 to 37 months. (Id. ¶¶ 49, 52, 89.) The government's and Probation Department's determinations differ because (1) the government agrees to a two-level reduction based on a global disposition, and (2) the government believes that a two-level role reduction is warranted. The two-level reduction for a global disposition is warranted at this time because 28 of the 31 covered defendants have pled guilty. The two-level role reduction is warranted because the defendant played a minor role in the racketeering conspiracy for which he was convicted. U.S.S.G. § 3B1.2(b).[1]

    C.    A Sentence Within the Guidelines Range Is Appropriate In This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

        1.    The Natures and Circumstances of the Offenses

The Colombo family is a dangerous criminal enterprise that uses violence, including murder, to further its interests. (PSR ¶¶ 7-9.) The defendant has been convicted of racketeering conspiracy, including, as racketeering acts, extortionate collection of credit and marijuana distribution conspiracy, in

---

[1] In addition, the Probation Department has assigned an offense level of 20 to Racketeering Act 29, to which the government assigns an offense level of 16. (PSR ¶¶ 29-34.) However, this difference does not affect the total adjusted offense level. In either case, this Racketeering Act is within four levels of Racketeering Act 35, which the Probation Department and government agree is assigned an offense level of 20. Therefore, Racketeering Act 29 is assigned one "grouping" point pursuant to U.S.S.G. § 3D1.4(a), leading to an offense level of 22 prior to reductions for acceptance of responsibility, role and global disposition. (PSR ¶ 47; Plea Agreement ¶ 2.)

connection with the Colombo family. These are serious crimes that warrant a serious punishment. 18 U.S.C. § 3553(a)(1).

### a. Extortionate Collection of Credit

The defendant, who had a reputation as an associate of the Colombo family, loaned approximately $3,500 to his victim. (PSR ¶ 10.) When the victim failed to make timely payments, the defendant sent an associate to have the victim sign over title to the victim's Mercedes -- which was worth $60,000 -- to the defendant. (Id. ¶ 11.) The title was later returned to the victim. (Id.)

It is clear that this was an extortion and that the victim had no choice but to repay the money or lose his car. The violent reputation of the Colombo family enabled the defendant to obtain payment by extortion, that is, through the credible threat of violence. Of course, debtors who do not own expensive cars often face a far more dire situation.

### b. Marijuana Distribution Conspiracy

The defendant committed the crime of marijuana distribution conspiracy with Joseph Savarese and Anthony Russo between October 2009 and May 2010. (Id. ¶ 13.) In October 2009, Savarese and Russo were members of the Colombo family who had recently been released from lengthy terms of imprisonment. Russo subsequently served as a captain in that crime family. The defendant's association with Savarese and Russo demonstrates his ability to commit crimes under the protection of the Colombo family and his access to the Colombo family's reputation for -- and ability to commit -- violence.

\*   \*   \*

In light of the foregoing, the government respectfully submits that the nature and circumstances of the offenses warrant a sentence within the advisory Guidelines range.

2. Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment

A sentencing within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and providing just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offenses -- conspiring to distribute marijuana and committing extortion to

collect a debt -- are serious crimes that are critical to the success of organized crime families and that merit a serious punishment. A sentence below the advisory Guidelines range would therefore be insufficient to serve these important purposes of sentencing.

### 3. Affording Deterrence and Protecting the Public

A sentence within the advisory Guidelines range is necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c).

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support a Guidelines sentence. In addition to committing the crime of marijuana distribution conspiracy in this case, the defendant admitted to a cooperating witness that he had access to between 1,000 and 2,000 pounds of marijuana in Arizona and that he had previously transported marijuana in quantities as great as 800 pounds. (Id. ¶¶ 16-17.) These admissions indicate that the defendant is a recidivist, and that a serious term of imprisonment is necessary in order to deter him from committing further crimes and to protect the public from his crimes.

In addition, a sentence within the advisory Guidelines range is necessary to deter others who, like the defendant, are in a position to choose between a law-abiding life and a life of crime. According to the defendant's wife, the defendant is involved in organized crime because he has maintained contact with certain people he grew up with. (PSR ¶ 62.) The government respectfully submits that a sentence within the Guidelines range is necessary to deter people in the defendant's position from committing crimes and, particularly, from getting involved in organized crime in the first instance.

III. Conclusion

In this case, given all of the facts and circumstance discussed above, a sentence below the Guidelines range would not satisfy the statutory purposes of sentencing. Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 18 to 24 months.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:     /s/
    Elizabeth A. Geddes
    Allon Lifshitz
    Assistant U.S. Attorneys
    (718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
    John S. Wallenstein, Esq. (by ECF and Federal Express)
    John L. Almanza, U.S. Probation Officer (by email)