UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
UNITED STATES OF AMERICA,

                                 11 CR 30 (KAM)

        -against-                   **SENTENCING**
                                   **MEMORANDUM**

ALI JUSEINOSKI
                         Defendant.
---------------------------------------------------------x

        The defendant ALI JUSEINOSKI, through his attorney, John S. Wallenstein, Esq., respectfully submits this memorandum in connection with his sentencing after his plea of guilty. The defendant entered a guilty plea to Count One of the Indictment, charging him with participating in a racketeering conspiracy. Specifically, the defendant pled guilty to Racketeering Acts 29 and 35, Marijuana Distribution and Extortionate Collection of Credit, respectively. Mr. Juseinoski pleaded guilty pursuant to a plea agreement, and thereby spared the government the time, expense and effort of preparing for trial, and actually trying the case.

**OBJECTIONS TO THE PRESENTENCE REPORT**

        The defendant has been provided with a copy of the PSR and has reviewed it. Counsel has reviewed the PSR with the defendant in detail. The defendant indicates that the PSR accurately reflects his personal history and characteristics, and therefore, the defense has no objections to the PreSentence Report in that respect. However, the defense respectfully objects to certain Guideline calculations as determined by the Probation Department. Under separate cover, an objection letter has been filed and served upon the Probation Department and the Government. A copy of that letter is submitted herewith as Exhibit A, and the details thereof are respectfully incorporated herein by reference.

        It must be noted that the Government, in a letter memorandum dated November 25, 2011, also objects to the Probation Department's Guideline

calculation. The Government also agrees to, and moves for, an additional two level reduction for "global disposition" points. The defense agrees with the Government's analysis, and respectfully urges the Court to determine the Adjusted Offense Level to be Level 15. In Criminal History Category I (which is uncontested), the appropriate Advisory Guideline range is 18-24 months.

## FACTORS TO BE APPLIED IN SENTENCING

In determining the sentence to be imposed upon the defendant, this Court is required to consider the factors enumerated in 18 U.S.C. § 3553(a). The mandate of the statute is clear, and requires the court to impose a sentence which is "sufficient, but not greater than necessary" to accomplish the purposes of the sentencing scheme laid out by Congress in subdivision 2 of §3553(a).

18 U.S.C. § 3553(a)(2)(A) requires the Court to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is clear that the crimes which Mr. Juseinoski has been convicted of are serious offenses, which require punishment. However, this factor is only one of those required to be considered in determining the sentence. Moreover, "just" punishment is a sentence crafted to the individual defendant, taking into consideration all of the factors of §3553(a). The defendant is a citizen of the United States, has been a hard working individual, the father of 3 children, and who comes from a supportive family.  Submitted under separate cover are letters from members of the defendant's family, in his support.

The circumstances of the offense are significant in the sentencing analysis, of course. However, the defendant was a minor participant in the racketeering conspiracy, as the government notes. The full details of the defendant's participation are described in the PSR, and need not be repeated at length here. Briefly, he engaged in negotiations for the sale and transportation of a quantity of marijuana, but ultimately the deal was not consummated. The

extortionate extension of credit resulted in the victim's car being returned to him, long before the defendant's arrest in this case.

The most significant factors under § 3553(a) which the Court must consider are the defendant's history and characteristics. Mr. Juseinoski is a man with a 9th grade education, who never obtained a GED. He has struggled to provide support for his family, especially since he is disabled as a result of a workplace accident. He performs some work for a family business, but the tasks are relatively menial and he receives little remuneration for his efforts. He relies to a great degree upon the largess of his family and friends.

The sentence must adequately deter future criminal conduct, as required by § 3553(a)(2)(B), and consider the need to protect the public from future crimes of this defendant, 18 U.S.C. § 3553(a)(2)(C). Mr. Juseinoski has certainly learned a significant lesson from this experience, and while he has engaged in criminal behavior in the past (marijuana distribution), it is highly unlikely that this conduct will be repeated. The defendant is well aware of the consequences of returning to his previous activities, and has expressed a strong desire to simply remain with his family and continue to support them as best he can.  The objective of deterrence has therefore been achieved by the arrest, conviction and sentencing of Mr. Juseinoski, whether that sentence is custodial or not.   Since deterrence of the defendant is achieved, the concomitant result is that the valid sentencing objective of protection of the public from future activities is likewise satisfied, as the defendant will concentrate on providing for his family and raising his children in a legitimate manner.

**CONCLUSION**

It is respectfully submitted that a sentence of probation, perhaps with a community service component, will be sufficient, but not greater than necessary, to accomplish the goals of sentencing as prescribed by Congress. However, if the Court is inclined to impose a sentence of incarceration, it is respectfully suggested that a sentence of one year and one day would be appropriate and sufficient.

Respectfully submitted,

*John S. Wallenstein*

JOHN S. WALLENSTEIN

JSW/hs